IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ROBERT EDWARD GALLEGOS,           }
TDCJ-CID NO. 615763,              }
       Petitioner,              }
v.                               }          CIVIL ACTION G-07-455
NATHANIEL QUARTERMAN,            }
       Respondent.             }

OPINION ON DISMISSAL

       Petitioner Robert Edward Gallegos, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the length of his incarceration. (Docket Entries No.1, No.2). Respondent has filed an answer, wherein he seeks dismissal of the habeas action. (Docket Entry No.10). For the reasons to follow, the Court will grant respondent's motion to dismiss and deny petitioner federal habeas relief.

I.      BACKGROUND

       In 1992, petitioner was convicted of aggravated assault with a deadly weapon in cause number 0408201D in the 4th Criminal District Court of Tarrant County, Texas. He was sentenced to twenty-five years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner does not indicate that he filed a direct appeal or a state habeas application from this conviction.

       Although petitioner claims otherwise, he is not eligible for release to mandatory supervision. *See former* TEX. CRIM. PRO. ANN. Art. 42.18, § 8(c)(5) (Vernon 1990). Petitioner, however, is eligible for parole but he does not indicate when he first became eligible. Minutes of

1

TDCJ Clemency and Parole System reflect that petitioner was denied parole on May 25, 2004, and February 21, 2007. (Docket Entry No.10, Exhibit B).

Petitioner does not seek release from incarceration by this habeas action; instead, he seeks injunctive and declaratory relief that the Texas Board of Pardons and Parole ("Parole Board") has violated his liberty interest and due process rights by denying him parole. (Docket Entry No.2). Liberally construing petitioner's habeas application, the Court finds that petitioner seeks federal habeas relief on the following grounds:

1.  The Parole Board has unconstitutionally subverted the parole suitability criteria of the Texas Legislature;

2.  The Parole Board has failed to comply with the provisions of Texas statutes, thereby exercising powers they are not statutorily authorized to use;

3.  The procedures utilized by the Parole Board to deny petitioner parole and/or mandatory supervision do not comport with the Texas parole statutes and administrative code; therefore, such actions are illegal, they violate petitioner's due process rights, and constitute a breach of the Parole Board's duty to the parole candidate.

(Docket Entry No.1).

Respondent moves to dismiss the habeas action on the ground that petitioner has no liberty interest in parole and therefore, fails to state an actionable habeas claim. (Docket Entry No.10). Alternatively, respondent claims the petition is subject to dismissal for non-exhaustion of state remedies. (*Id*.). Respondent further claims to the extent that petitioner challenges a specific parole denial, his claim regarding the 2004 denial and all denials prior to 2004 are time-barred. (*Id*.).

II.    DISCUSSION

An inmate does not have a constitutional right to conditional release prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Moreover, a Texas inmate has no constitutionally protected right to parole because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir.1995); *Gilbertson v. Texas Bd. of Pardons & Paroles*, 993 F.2d 74 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991); *Williams v. Briscoe*, 641 F.2d 274 (5th Cir. 1981). *See also Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (noting that "statutes or regulations providing that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"). Such release is entirely speculative. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Moreover, parole review under Texas law is committed to the discretion of the Parole Board; consequently, due process complaints concerning parole procedures or eligibility by Texas inmates do not raise constitutional concerns whether presented as civil rights or habeas corpus claims. *Id.* at 768; *Orellana*, 65 F.3d at 32. Furthermore, the states have broad discretion in determining what parole boards may consider. "'[T]to insure the public-interest purposes of rehabilitation and deterrence, the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority." *Greenholtz*, 442 U.S. at 7-8.

Furthermore, because Texas law does not create a protected liberty interest in parole, a Texas inmate does not have a federal right to complain of the constitutionality of

procedural devices attendant to parole decisions. *Johnson*, 110 F.3d at 305, 308-09 & n.13. Rather, such concerns are matters for the responsible state agencies and it is to those bodies that grievances concerning parole procedures should be addressed." *Id.*

Accordingly, the Court finds that petitioner's claims are legally frivolous and therefore, subject to dismissal.

III.   <u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The

Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability from this decision will not issue.

IV.     <u>CONCLUSION</u>

Based on the foregoing, the Court ORDERS the following:

1.  Respondent's motion to dismiss (Docket Entry No.10) is GRANTED.

2.  Petitioner's claims are DENIED and his petition for writ of habeas corpus is DISMISSED with prejudice.

3.  A certificate of appealability is DENIED.

4.  All other pending motions, if any, are DENIED. .

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 12th day of May, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

5